**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39792/39793/39794/39795**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 608** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 1, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LORI ANNETTE KLEM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Orders revoking probation and requiring execution of underlying sentences, <u>affirmed</u>; orders denying Idaho Criminal Rule 35 motions, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

In docket numbers 39792, 39793 and 39794, consolidated at the district court level, Lori Annette Klem pled guilty to obtaining a controlled substance by deception, Idaho Code § 37-2734(a)(3); and two counts of attempting to obtain a controlled substance by deception, I.C. §§ 37-2734(a)(3), 18-306. The district court sentenced Klem to a unified term of four years, with two years determinate, for the obtaining a controlled substance by deception conviction and two consecutive, two-year indeterminate terms for the attempting to obtain a controlled substance by deception convictions. The district court then suspended the sentences and placed Klem on probation. Subsequently, Klem incurred a new criminal charge and admitted to

1

violating terms of her probation. The district court revoked probation, executed the underlying sentences, and retained jurisdiction.

In docket number 39795, Klem pled guilty to grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b), 18-204. The district court sentenced Klem to a unified term of ten years, with three years determinate, ordered the sentence to run concurrently with Klem's other sentences, and retained jurisdiction.

After Klem completed a period of retained jurisdiction, the district court suspended Klem's sentences and placed her on probation in all four cases. Shortly thereafter, the district court found that Klem violated terms of her probation. Consequently, the district court revoked probation and executed the underlying sentences in all four cases. Klem filed Idaho Criminal Rule 35 motions for reduction of her sentences, which the district court denied. Klem now appeals, contending the district court abused its discretion by revoking probation and executing her underlying sentences without modification and by denying her Rule 35 motions. All four cases are consolidated on appeal.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues that are properly made part of the record on appeal. *Id*.

The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho

976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A court's decision not to reduce a sentence after revoking probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Hannington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *Marks*, 116 Idaho at 978, 783 P.2d at 317.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *Hanington*, 148 Idaho at 29, 218 P.3d at 8. We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Klem's underlying sentences without modification. Therefore, the orders revoking probation and requiring execution of Klem's previously suspended sentences are affirmed.

We next review the district court's denial of Klem's Idaho Criminal Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Klem's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's orders denying Klem's Rule 35 motions are affirmed.